UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

ROBERT W. LEDERHILGER III,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 3/10/26

PRELIMINARY ORDER OF
FORFEITURE AS TO SPECIFIC
PROPERTY/
MONEY JUDGMENT

S1 23 Cr. 116 (ALC)

WHEREAS, on or about June 17, 2025, ROBERT W. LEDERHILGER III (the "Defendant"), was charged in a two-count Superseding Indictment, S1 23 Cr. 116 (ALC) (the "Indictment"), with mail fraud, in violation of Title 18, United States Code, Section 1341 ("Counts One and Two");

WHEREAS, the Indictment included a forfeiture allegation as to Counts One and Two, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real and personal, that constitutes or is derived from proceeds traceable to commission of the offenses charged in Counts One and Two of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Indictment;

WHEREAS, the Government proceeded to trial only as to Count One of the Indictment;

WHEREAS, on or about September 15, 2025, following a jury trial, the Defendant was found guilty of Count One of the Indictment;

WHEREAS, the Government asserts that $5,210,620 in United States currency represents property constituting, or derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks the entry of a money judgment in the amount of $5,210,620 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Government further seeks the forfeiture of the Defendant of all his right, title, and interest in the following property, which constitutes proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained:

a. Any and all funds up to $2,761,984 in United States currency on deposit in the PNC Bank Account 1219802336 held in the name of the Defendant;

b. Any and all funds up to $727,711 in United States currency on deposit in the PNC Bank Account 8047308383 held in the name of the Defendant;

c. Any and all funds and assets up to $80,847.31 in United States currency on deposit in the Vanguard Group, Inc. Account 84481163 held in the name of the Defendant;

d. Any and all funds and assets up to $94,955 in United States currency on deposit in the Vanguard Group, Inc. Account 77692300 held in the name of Josivette Lederhilger (the "2300 Account");

e. Any and all funds and assets on deposit in the 2300 Account in excess of $94,955 in United States currency (the "2300 Account Appreciation");

f. Any and all funds up to $1,047,253 on deposit in the Wells Fargo bank Account 7061358151 held in the name of The Domain Hosting Group;

g. Any and all funds and assets up to $207,000 in United States currency on deposit in the Vanguard Group, Inc. Account 84481163 held in the name of the Defendant (the "1163 Account");

h. 78.55% of any and all funds and assets on deposit in the 1163 Account in excess of $263,500 in United States currency which constitutes the appreciation

attributable to the $207,000 in crime proceeds deposited into the account (the "1163 Account Appreciation");

i.  The real property commonly described as 13144 Peregrin Circle, Bradenton, Florida, 34212 with a legal description of: All that certain land situated in County of Manatee, State of Florida, viz: Unit 169, Building F of Phase III, Tortuga, a Condominium according to the Declaration of Condominium thereof, recorded in Official Records Book 1868, Page(s) 4855 through 4936, inclusive, as amended by instrument recorded In Official Records Book 2103, pages 3169 through 3191 inclusive, of the Public Records of Manatee County, Florida, and any amendments thereto, together with its undivided share in the common elements; and

(a. through i., collectively, the "Specific Property");

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.  As a result of the offense charged in Count One of the Indictment, of which the Defendant was found guilty following a jury trial, a money judgment in the amount of $5,210,620 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2.      As a result of the offense charged in Count One of the Indictment, of which the Defendant was found guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, ROBERT LEDERHILGER III, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4.      All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5.      The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6.      Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site,

www.forfeiture.gov.  This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days.  Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8.    The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9.    Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.  All Specific Property, except for the 2300 Account Appreciation and the 1163 Account Appreciation, forfeited to the United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11.    Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12.    Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13.    The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

SO ORDERED:

_____
HONORABLE ANDREW L. CARTER, JR.
UNITED STATES DISTRICT JUDGE

3/10/2026
_____
DATE